UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------- X
                                                              :
GMO EMERGING COUNTRY DEBT                                     :
INVESTMENT FUND PLC,                                          :        14 Civ. 8666 (TPG)
                                                              :
                              Plaintiff,                      :
                                                              :
                                                              :        **ANSWER TO**
        v.                                                    :        **COMPLAINT**
                                                              :
THE REPUBLIC OF ARGENTINA,                                    :
                                                              :
                              Defendant.                      :
                                                              :
----------------------------------------------------------------------- X

        Defendant the Republic of Argentina (the "Republic"), as and for its answer to the

Complaint dated October 29, 2014 (the "Complaint"), respectfully states as follows:

        1.   The Republic lacks knowledge or information sufficient to form a belief as to

the truth of the allegations of Paragraph 1 of the Complaint.  Paragraph 1 of the Complaint

purports to characterize the contents of a written document, which document speaks for itself.

The Republic denies such characterizations inconsistent with the contents of the referenced

document and refers to the document cited in Paragraph 1 of the Complaint for its true and

correct contents.  To the extent that Paragraph 1 of the Complaint constitutes a conclusion of

law, no responsive pleading is required.  The Republic otherwise denies the allegations contained

in Paragraph 1 of the Complaint insofar as the bonds that plaintiff purports to hold were not

issued pursuant to the Fiscal Agency Agreement, dated October 19, 1994 (the "FAA").

        2.   The Republic denies the allegations contained in Paragraph 2 of the

Complaint, except admits that since December 2001 it has not paid interest or principal on

nonperforming debt.  Paragraph 2 of the Complaint otherwise purports to characterize the

contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 2 of the Complaint for their true and correct contents.  To the extent that Paragraph 2 of the Complaint constitutes conclusions of law, no responsive pleadings are required.

3.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, except admits that plaintiff filed a complaint in the referenced action on December 12, 2005.  The Republic refers to the complaint referenced in Paragraph 3 for its true and correct contents.

4.      The Republic admits that an amended judgment was entered in the action referenced in Paragraph 4 of the Complaint but denies that it was entered on August 18, 2010. The amended judgment was entered on August 19, 2010.  The Republic otherwise refers to the amended judgment for its true and correct contents.  The Republic admits that it has not made a voluntary payment to plaintiff and otherwise denies the allegations contained in Paragraph 4.

5.      Paragraph 5 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 5 of the Complaint for its true and correct contents.  To the extent that Paragraph 5 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

6.      To the extent that Paragraph 6 of the Complaint purports to characterize the nature of this action, no responsive pleading is required.  Paragraph 6 of the Complaint purports to characterize the contents of written documents.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the

2

documents cited in Paragraph 6 of the Complaint for their true and correct contents.  To the

extent that Paragraph 6 of the Complaint constitutes conclusions of law, no responsive pleadings

are required.  The Republic avers that in 2005 and 2010 it launched and consummated voluntary

exchange offers and otherwise denies the allegations contained in Paragraph 6.

7.       The Republic acknowledges that in a prior action, *GMO Emerging
Country Debt Fund, P.LC. v. Republic of Argentina*, No. 05 Civ. 10382 (S.D.N.Y.), plaintiff

submitted evidence demonstrating that it is organized and existing under the laws of Ireland.

The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 7 of the Complaint.

8.       Paragraph 8 of the Complaint constitutes a conclusion of law as to which

no responsive pleading is required.  The Republic otherwise admits that it is a foreign state as

defined in 28 U.S.C. § 1603(a).

9.       Paragraph 9 of the Complaint constitutes conclusions of law as to which

no responsive pleadings are required.  The Republic otherwise denies the allegations contained in

Paragraph 9 of the Complaint.

10.      Paragraph 10 of the Complaint constitutes a conclusion of law as to which

no responsive pleading is required.  Paragraph 10 of the Complaint purports to characterize the

contents of a written document.  The Republic denies such characterizations inconsistent with the

contents of the referenced document and refers to the document cited in Paragraph 10 for its true

and correct contents.  The Republic otherwise denies the allegations contained in Paragraph 10

of the Complaint.

11.      Paragraph 11 of the Complaint constitutes conclusions of law as to which

no responsive pleadings are required.

12.     Paragraph 12 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 12 of the Complaint for its true and correct contents.  The Republic otherwise denies the allegations contained in Paragraph 12 of the Complaint insofar as the bonds that plaintiff purports to hold were not issued pursuant to the FAA.

13.     The Republic denies the allegations contained in Paragraph 13 of the Complaint.  The bonds that plaintiff purports to hold were issued in accordance with the USD Discount and Par Bond Fiscal Agency Agreement dated April 7, 1993.

14.     Paragraph 14 of the Complaint purports to characterize the contents of a written document.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 14 of the Complaint for its true and correct contents.

15.     Paragraph 15 of the Complaint purports to characterize the contents of a written document.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 15 for its true and correct contents.  To the extent that Paragraph 15 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

16.     The Republic denies the allegations contained in Paragraph 16 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.  Paragraph 16 of the Complaint otherwise purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the

document cited in Paragraph 16 for its true and correct contents. To the extent that Paragraph 16 of the Complaint constitutes a conclusion of law, no responsive pleading is required

17.    Paragraph 17 of the Complaint purports to characterize the contents of written documents. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 17 of the Complaint for their true and correct contents. To the extent that Paragraph 17 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

18.    The Republic admits that in 2005 it launched and consummated a voluntary exchange offer to holders of eligible debt.

19.    Paragraph 19 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 19 of the Complaint for its true and correct contents.

20.    Paragraph 20 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 20 of the Complaint for its true and correct contents.

21.    The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint.

22.    Paragraph 22 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 22 of the Complaint for its true and correct contents.

23.     Paragraph 23 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 23 of the Complaint for its true and correct contents.

24.     The Republic admits that it has made interest payments due on the Exchange Bonds, and that the court's injunction has prevented holders of exchange bonds from receiving interest payments scheduled to be received after June 16, 2014.

25.     Paragraph 25 of the Complaint purports to characterize the contents of legal proceedings, which speak for themselves. The Republic denies such characterizations inconsistent with the legal proceedings and refers to the legal proceedings cited in Paragraph 25 of the Complaint for their true and correct contents. To the extent that Paragraph 25 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

26.     Paragraph 26 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 26 of the Complaint for its true and correct contents.  To the extent that Paragraph 26 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

27.     Paragraph 27 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 27 of the Complaint for its true and correct contents.

28.     Paragraph 28 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 28 of the Complaint for its true and correct contents.

29.     The Republic admits that it has made interest payments due on the Exchange Bonds, and that the court's injunction has prevented holders of exchange bonds from receiving interest payments scheduled to be received after June 16, 2014.

30.     The Republic admits that approximately 92% of eligible debt participated in its 2005 or 2010 Exchange Offers.

31.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 32 of the Complaint.

33.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint. To the extent that Paragraph 33 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

34.     To the extent that Paragraph 34 of the Complaint constitutes a conclusion of law, no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 34 of the Complaint.

35.     Paragraph 35 of the Complaint purports to characterize the contents of legal proceedings and written documents, which legal proceedings and documents speak for themselves.  The Republic denies such characterizations inconsistent with the legal proceedings and the contents of the referenced documents and refers to the legal proceedings and documents cited in Paragraph 35 of the Complaint for their true and correct contents.

36.     Paragraph 36 of the Complaint purports to characterize the contents of legal proceedings and written documents, which legal proceedings and documents speak for themselves.  The Republic denies such characterizations inconsistent with the legal proceedings and the contents of the referenced documents and refers to the legal proceedings and documents cited in Paragraph 36 of the Complaint for their true and correct contents.  To the extent that Paragraph 36 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

37.     Paragraph 37 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 37 for their true and correct contents.  To the extent that Paragraph 37 of the Complaint constitutes a conclusion of law, no responsive pleading is required.  The Republic otherwise admits that the U.S. Supreme Court denied the Republic's petition for certiorari in the referenced action on October 7, 2013.

38.     Paragraph 38 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 38 of the Complaint for its true and correct contents.  To the extent that Paragraph 38 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

39. Paragraph 39 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in

Paragraph 39 for its true and correct contents. To the extent that Paragraph 39 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

40.     The Republic admits that the U.S. Supreme Court denied the Republic's and bondholders' petitions for certiorari in the referenced actions on June 16, 2014.

41.     Paragraph 41 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 41 of the Complaint.

42.     In response to Paragraph 42 of the Complaint, the Republic repeats and realleges its responses to Paragraphs 1 through 41 of the Complaint.

43.     Paragraph 43 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 44 of the Complaint for its true and correct contents.

45.     Paragraph 45 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint purports to characterize the contents of legal proceedings and written documents, which legal proceedings and documents speak for themselves.  The Republic denies such characterizations inconsistent with the legal proceedings and the contents of the referenced documents and refers to the legal proceedings and documents

cited in Paragraph 46 of the Complaint for their true and correct contents. To the extent that Paragraph 46 of the Complaint constitutes a conclusion of law, no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 46 of the Complaint.

47.     Paragraph 47 of the Complaint purports to characterize the contents of legal proceedings and written documents, which legal proceedings and documents speak for themselves. The Republic denies such characterizations inconsistent with the legal proceedings and the contents of the referenced documents and refers to the legal proceedings and documents cited in Paragraph 47 of the Complaint for their true and correct contents. To the extent that Paragraph 47 of the Complaint constitutes a conclusion of law, no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 47 of the Complaint.

48.     Paragraph 48 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required. The Republic otherwise denies the allegations contained in Paragraph 48 of the Complaint.

49.     Paragraph 49 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 49 of the Complaint.

50.     Paragraph 50 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 50 of the Complaint.

51.     Paragraph 51 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 51 of the Complaint.

52.     Paragraph 52 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint constitutes conclusions of law as to which no responsive pleadings are required.  The Republic otherwise denies the allegations contained in Paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 54 of the Complaint.

55.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint. To the extent that Paragraph 55 of the Complaint constitutes a conclusion of law, no responsive pleading is required.

56.     Paragraph 56 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 58 of the Complaint.

### First Affirmative Defense

59. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense[1]

60. Plaintiff's claims are barred by the act of state doctrine.

### Third Affirmative Defense

61. To the extent plaintiff is not acting in good faith in commencing and prosecuting this action, it is barred from enforcing any rights it may otherwise have.

### Fourth Affirmative Defense

62. Plaintiff's claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

63. Plaintiff's claims are barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

64. Plaintiff's claims are barred by N.Y. Judiciary Law Section 489.

### Seventh Affirmative Defense

65. Plaintiff's claims, including interest claims, are barred in whole or in part by the applicable statute of limitations/prescription period.

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein.  *See Lightwater Corp. Ltd. v. Republic of Argentina*, No. 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003).  The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review.  In connection with the Sixth Affirmative Defense, facts may exist in the present case that were not before the Court in the cases covered by the *Lightwater* and *EM Ltd. v. Argentina*, No. 03 Civ. 2507 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003), Orders.

**Eighth Affirmative Defense**

66. Plaintiff lacks standing and/or capacity to sue, because it is not a holder of bonds within the meaning of the 1994 FAA or the governing bond documents.

**Ninth Affirmative Defense**

67. Plaintiff's claims are barred by the doctrine of laches.

**Tenth Affirmative Defense**

68. Plaintiff's claims are barred by the doctrine of res judicata.

**Eleventh Affirmative Defense**

69. Plaintiff's claims are barred by the doctrine of merger.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

        (a)     dismissing plaintiff's claims with prejudice;

        (b)     awarding the Republic costs and disbursements, including reasonable

attorneys' fees; and

        (c)     granting the Republic such other and further relief as the Court may deem

just and proper.

Dated: New York, New York
       December 30, 2014

                          CLEARY GOTTLIEB STEEN & HAMILTON LLP

                          By:     /s/ Carmine D. Boccuzzi
                              Jonathan I. Blackman (jblackman@cgsh.com)
                              Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

                            One Liberty Plaza
                            New York, New York 10006
                            (212) 225-2000

                          Attorneys for the Republic of Argentina